# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HADDOCK,<br><br>                Plaintiff,<br><br>   v.<br><br>WESTROCK CP, LLC,<br><br>                Defendant.<br>_____/ | Case No. 1:19-cv-01390-SKO<br><br>**ORDER VACATING HEARING AND GRANTING MOTION TO WITHDRAW**<br><br>(Doc. 23) |

On April 22, 2021, Clayton J. Christenson, attorney for Plaintiff Jose Haddock ("Attorney Christenson"), filed his motion to withdraw. (Doc. 23.) By minute order entered April 26, 2021, the Court directed Plaintiff and Defendant to file their responses to the motion by May 12, 2021. (Doc. 24.) Defendant Westrock CP, LLC timely filed a statement of non-opposition (Doc. 26), and Plaintiff has not responded. The matter is therefore deemed unopposed and shall be submitted on the papers. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing on the motion set for May 26, 2021, is hereby VACATED.

Upon consideration of the motion and supporting papers, and for the reasons set forth below, Attorney Christenson's motion will be granted.

## I. BACKGROUND

On August 27, 2019, Plaintiff initiated this personal injury action in the Superior Court of the State of California for the County of Tulare. (Doc. 1-2.) Defendant removed the action to this Court on October 3, 2019, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1.) In the

operative complaint, Plaintiff, a truck driver, alleges that Defendant negligently failed to secure properly pallets of cardboard in the trailer he was towing, such that when he opened the trailer, the pallets fell out and caused him injury. (Doc. 1-2.)

## II. DISCUSSION

In his declaration in support of Attorney Christenson's motion, Plaintiff states that over the course of the lawsuit it has become apparent that he and his attorney "have an irreconcilable personality conflict that makes moving forward on the case together unreasonably difficult." (Doc 23-2 ¶ 2.) Attorney Christenson states in his declaration that such personality conflict "has caused a breakdown in the attorney-client relationship." (Doc. 23-1 ¶ 2.) Plaintiff was advised of the "importance of obtaining substitute counsel," and that, upon withdrawal, he will be representing himself until such time as he retains a new attorney. (*Id*. ¶¶ 3–4. *See also* Doc. 23-2 ¶ 3–4.) Plaintiff states that he is "working to obtain substitute counsel." (Doc. 23-2 ¶ 4.)

Attorney Christenson also advised Plaintiff of the "the importance of upcoming deadlines in this case set forth in the Court's February 10, 2021 Scheduling Order," and provided him with a copy of his case file. (Doc. 23-1 ¶¶ 5–6; Doc. 23-2 ¶¶ 5–6.) Attorney Christenson states that he provided Plaintiff of his intent to withdraw on March 19, 2021, but indicated that he would wait to file a motion in order to give Plaintiff time to retain a new attorney. (Doc. 23-1 ¶ 7.) According to Attorney Christenson, he met with Plaintiff in person on April 21, 2021, who advised him that he "approves of the termination of my representation." (*Id*. ¶10.) Plaintiff confirms that he "knowingly and freely assent[s]" to the termination of Attorney Christenson's representation of him in this matter. (Doc. 23-2 ¶ 7.)

### 1. Legal Standard

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").[1] Local Rule 182 provides as follows:

---

[1] Attorney Christenson's motion cites the previous rules of the California Rules of Professional Conduct, which have been changed and re-numbered effective November 1, 2018.

2

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d). Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of the representation." Grounds for withdrawal also exist where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule Prof. Conduct 1.16(b)(4). Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[2]

In the Ninth Circuit, the California Rules of Professional Conduct are interpreted according to California state law. *Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at \*2 (E.D. Cal. June 23, 2010) (citing *Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993)). The decision to grant or deny a motion to withdraw as attorney is committed to the sound discretion of the trial court. *Id.* (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)); *Estate of Falco*, 188 Cal. App. 3d 1004, 1014 (1987) ("[A] trial court should have broad discretion in allowing attorneys to withdraw").

**2. Analysis**

First, Attorney Christensen complied with this Court's Local Rule 182(d). He provided Plaintiff notice of his intent to withdraw over 30 days prior to filing his motion, in order to allow Plaintiff time to retain another attorney. Attorney Christensen also met with Plaintiff in person before filing the motion which included Plaintiff's supporting declaration, and provided him a copy.

---

[2] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

Next, Attorney Christensen's motion demonstrates the substantive requirements for withdrawal under the Rules of Professional Conduct. It appears that Plaintiff "knowingly and freely assent[ed] to termination of the representation." Cal. Rule of Prof. Conduct 1.16(b)(6). *See Hopson v. Nove Plaza*, LLC, Case No. 1:17-cv-01746-AWI-SAB, 2018 WL 5310780, at *2 (E.D. Cal. Oct. 25, 2018). Both Plaintiff and Attorney Christenson declare that the termination is the result of their "irreconcilable personality conflict" that has resulted in a "breakdown in the attorney-client relationship" and renders it "unreasonably difficult" for Attorney Christenson to represent Plaintiff effectively. *See* Cal. Rule of Prof. Conduct 1.16(b)(4). *See also Williams*, 2010 WL 11570438, at *2 ("Some courts have found that a client's inability to get along and cooperate with counsel may justify an attorney's withdrawal.") (listing cases finding failure to cooperate is grounds for withdrawal).

The Court also finds Attorney Christenson has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). As set forth above, he informed Plaintiff of the intent to file a motion to withdraw—to which Plaintiff agreed. Attorney Christenson also ensured that Plaintiff is aware of the case schedule and is in possession of his case file.

Finally, with respect to whether Defendant will be prejudiced by the motion to withdrawal, Defendant has filed a statement of non-opposition to the motion. (*See* Doc. 26.) The Court notes that discovery is still ongoing in this case and the time for filing non-dispositive and dispositive motions has not yet occurred. (*See* Doc. 20.) Accordingly, the Court finds any prejudice to Defendant is negligible.

For the reasons set forth above, the Court shall grant the motion to withdraw. The Court notes that upon his attorney's withdrawal, Plaintiff will be proceeding *pro se* and will be responsible for the timely prosecution of the action even if Plaintiff fails to retain a new attorney. A failure to comply with an order of the Court, including the Scheduling Order, may result in sanctions, including dismissal of this action. Because Plaintiff is now proceeding *pro se*, the Court will direct the Clerk of Court to issue the order informing Plaintiff of the requirements of civil cases pending before this Court.

### III. CONCLUSION AND ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. The motion to withdraw (Doc. 23) is GRANTED;

2. The Clerk of Court is ORDERED to RELIEVE Clayton J. Christenson as attorney for Plaintiff;

3. Attorney Christenson SHALL serve a copy of this order on Plaintiff via mail and SHALL inform Plaintiff that he has withdrawn. Within two (2) days of the date of the order, Attorney Christenson SHALL file a declaration indicating proof of service via mail; and

4. The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's *pro se* status and his current address (*see* Doc. 23-1 ¶ 9) and SHALL SERVE this order and the *Pro Se* Informational Order issued in civil cases, upon Plaintiff at that address.

IT IS SO ORDERED.

Dated: **May 20, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE