And Dave

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HADDOCK, | Case No. 1:19-cv-01390-SKO |
| Plaintiff, | **ORDER MODIFYING CASE SCHEDULE** |
| v. | (Docs. 34 & 39) |
| WESTROCK CP, LLC, | |
| Defendant. | |

On July 20, 2021, Plaintiff filed a motion to modify the scheduling order and sought an order shortening the time to hear the motion. (Doc. 34.) By order entered July 22, 2021, the Court granted Plaintiff's request to shorten time and set an expedited briefing schedule for Plaintiff's motion. (Doc. 35.) In that order, the Court observed that

> both parties agree that the current deadlines should be continued—they simply disagree as to the length of the continuance. (*See* Doc. 34 at 8–10.) Given that the scope of their dispute appears to be limited (e.g., less than two months between the respective proposals for enlargement of the expert discovery deadline), the parties are ***highly encouraged*** to meet and confer in order to agree upon a joint proposal for modification of the scheduling order and to avoid further burdening the Court (which carries one of the heaviest caseloads in the nation).

(Doc. 35 n.1 (emphasis in original).)

Instead of reaching an agreement on an enlargement, Defendant filed its own motion to modify the scheduling order and request to shorten time. (Docs. 39 & 40.) On July 27, 2021, the Court granted the request and set an expedited briefing schedule on Defendant's motion. (Doc. 42.) Plaintiff filed his opposition to Defendant's motion on July 30, 2021. (Doc. 46.)

Plaintiff's position is that the non-expert discovery deadline should be extended, *nunc pro tunc*, from July 1, 2021, to July 22, 2021, that the now-expired expert discovery deadline should be extended by 15 days, and the motion filing and hearing deadlines should be extended by 14 days. (*See* Doc. 34 at 11–13.)  No other enlargements to the schedule are appropriate, according to Plaintiff, because Defendant "has not been diligent in pursuing expert discovery." (*See* Doc. 46 at 2–5.)

Defendant counters that the rebuttal expert disclosure deadline should be reopened and extended from July 9, 2021, to September 10, 2021, and that the now-expired expert discovery deadline and motion deadlines should be extended by approximately 70 days. (*See* Doc. 39-1 at 8.) No other enlargement to the schedule is sought. (*See id*.) Defendant asserts such additional time is needed because "the time frame for expert discovery is no longer practical," "new information was revealed during the depositions of plaintiff's physicians that warrants additional discovery and expert designation," and "defense counsel is unavailable due to trial." (*Id.* at 5.)

In view of the parties' agreement to an enlargement of the case schedule, their cross-motions (Docs. 34 & 39) are GRANTED to the extent that they seek that relief.  The motions, however, are DENIED with respect to the length of the enlargements respectively requested.  Considering each party's position, the Court finds that **45 days** (subject to the Court's calendar) is a reasonable extension of the expert and motion deadlines at issue.[1]  Such extension will accommodate both parties' need to complete expert depositions, and it will also allow for Defendant to designate a rebuttal expert(s) based on information learned during discovery, for which the Court finds good cause (*see* Fed. R. Civ. P. 16(b)(4)), and to seek a medical examination of Plaintiff.[2]  To the extent any disputes arise concerning this discovery, an approximate 45-day enlargement also allows sufficient time for resolution of those disputes pursuant to the Court's informal discovery dispute process or Local Rule 251. (*See* Doc. 10 at 3 (requiring motions to compel to "be filed and heard

---

[1] Defendant does not appear to oppose Plaintiff's request to enlarge the non-expert discovery deadline *nunc pro tunc*.

[2] At this time, the Court takes no position on whether good cause exists under Fed. R. Civ. P. 35 to take an independent medical examination of Plaintiff (*see* Docs. 39-2 at ¶ 15, Doc. 46 at 5–6), as such motion is not before the Court.  Prior to filing any such motion, the parties SHALL meet and confer meet and confer in a good faith effort to resolve the dispute without court action (*i.e.*, by stipulation).  This requires, in addition to any written correspondence the parties may engage in (letters and/or email), that the parties speak with each other about the dispute, which may be accomplished in person, over the telephone, or through videoconferencing.

sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time.").)

Finally, although both parties wished to retain the dates of the pretrial conference and trial, the Court, on its own motion, continues these dates to allow the Court time to rule on dispositive motions in advance of the pretrial conference and for the parties to prepare adequately for trial.

Accordingly, the case schedule (Doc. 20) is MODIFIED as follows:

| Matter | Current Date | Continued Date |
|---|---|---|
| Non-Expert Discovery | July 1, 2021 | July 22, 2021 (*nunc pro tunc*) |
| Rebuttal Expert Witnesses Disclosure | July 9, 2021 | August 23, 2021 |
| Expert Witness Discovery | July 22, 2021 | September 7, 2021 |
| Non-Dispositive Motion Filing Deadline | July 30, 2021 | September 13, 2021 |
| Hearing for Non-Dispositive Motions | September 1, 2021 | October 20, 2021 |
| Dispositive Motion Filing Deadline | July 30, 2021 | September 13, 2021 |
| Hearing for Dispositive Motions | September 15, 2021 | November 3, 2021 |
| Pretrial Conference | December 1, 2021 | January 19, 2022 at 2:30 p.m. |
| Trial | February 1, 2022 | March 22, 2022 at 8:30 a.m. |

IT IS SO ORDERED.

Dated:   **August 2, 2021**                         /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE

3