# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HADDOCK,<br><br>    Plaintiff,<br><br>  v.<br><br>WESTROCK CP, LLC,<br><br>    Defendant.<br>_____/ | Case No. 1:19-cv-01390-SKO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER PERMITTING EXAMINATION OF PLAINTIFF AND GRANTING IN PART REQUEST TO MODIFY SCHEDULING ORDER**<br><br>(Doc. 51) |

On August 12, 2021, Defendant Westrock CP, LLC filed a motion for an order permitting the examination of Plaintiff Jose Haddock and to modify the case schedule. (Doc. 51.) Defendant also sought an order shortening time to hear the motion. (Doc. 52.) By order entered that same day, the Court granted Defendant's request to shorten time and set an expedited briefing schedule for its motion. (Doc. 53.) On August 16, 2021, Plaintiff timely filed an opposition to the motion (Doc. 57), and the matter was taken under submission (*see* Doc. 53).

For the reasons set forth below, the Court will grant Defendant's motion for an order permitting the examination of Plaintiff and grant in part the motion to modify the scheduling order.

## I.   BACKGROUND

On August 27, 2019, Plaintiff initiated this personal injury action in the Superior Court of the State of California for the County of Tulare. (Doc. 1-2.) Defendant removed the action to this Court on October 3, 2019, based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1.) In the operative complaint, Plaintiff, a truck driver, alleges that Defendant negligently failed to secure

properly pallets of cardboard in the trailer he was towing.  (Doc. 1-2.)  He pleads that when he opened the trailer, the pallets fell out and knocked him to the ground, causing him to sustain a traumatic brain injury.  (*Id*.)

In response to interrogatories, Plaintiff attributed the following injuries to the incident:

> Loss of consciousness, concussion, traumatic brain injury, post-concussion syndrome, seizures, memory problems, anger problems, depression, paranoia, nightmares, personality changes, headaches, neck pain, left shoulder pain, left elbow pain, right hip pain, damage to teeth, right arm pain, dizziness, vertigo, tinnitus, [and] loss of sense of smell.

(Doc. 51-2, Declaration of Kevin K. Cholakian ("Cholakian Decl.") ¶ 2, Ex. A, Interrogatory No. 4.)  Plaintiff has received medical treatment for his alleged injuries as recently as June 2021.  (*See id*., Ex. B.)

On August 2, 2021, in response to the parties' cross-motions seeking modification of the case schedule, the Court enlarged the expert and motion deadlines by approximately 45 days.  (*See* Doc. 47.)  The Court noted that such enlargement would "allow for Defendant to designate a rebuttal expert(s) based on information learned during discovery . . . and to seek a medical examination of Plaintiff."  (*Id*.)  Currently, the rebuttal expert disclosure and expert discovery deadlines are August 23 and September 7, 2021, respectively.  (*See id*.)

Following the Court's modification of the case schedule, defense counsel sent an email to Plaintiff's counsel, Ms. Russell, inquiring if Plaintiff would be willing to stipulate to an independent medical examination by neurologist Harvey Lawrence Edmonds, M.D. (Doc. 51-2, Cholakian Decl. ¶ 6, Ex. D.)  On August 6, 2021, Plaintiff's counsel, Mr. Watters, spoke with defense counsel, who indicated that Plaintiff would not agree to the examination.  (*See id*. ¶ 7, Ex. E.)

Defendant filed the instant motion on August 12, 2021.

## II.   DISCUSSION

### A.   Motion for an Order Permitting Examination of Plaintiff

Pursuant to Federal Rule of Civil Procedure 35, Defendant seeks an independent medical examination of Plaintiff on September 1, 2021, at 11:00 a.m. by Dr. Edmonds in Fresno, California. The examination will relate to Plaintiff's alleged traumatic brain injury, including related complaints

and symptoms.

In relevant part, Rule 35(a) provides:

(1) In General. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Such order "(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)-(B).

The "in controversy" and "good cause" requirements of Rule 35 ". . . are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). "Of course, there are situations where the pleadings alone are sufficient to meet these requirements.  A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. at 119.

Defendant asserts that Plaintiff has placed his physical and mental condition in controversy because his claim arises from personal injuries sustained in the accident, including an alleged traumatic brain injury, as evidenced by the complaint and Plaintiff's responses to discovery. (Doc. 51-1 at 5.) Defendant states that an earlier examination would have been premature, as Plaintiff's June 2021 medical records show that his treatment and condition are "evolving." (*Id*.) Defendant contends that, as a rebuttal expert, Dr. Edmonds must conduct an examination of Plaintiff to provide an "independent basis for his opinion and medical conclusions," including his opinion on the accuracy of data relied on by Plaintiff's experts. (*Id*.) Defendant states that the examination "will consist of all necessary and customary activities required to make such a determination, including but not limited to medical history, history of the accident in question, physical examination, and neurological examination," and that "[n]o questions will be asked by Dr. Edmonds beyond those necessary to ascertain Plaintiff's medical condition, as it related to his claims in this lawsuit." (Doc.

1  51-1 at 6.) Defendant notes that Dr. Edmonds is licensed and certified to conduct the examination.
2  (*Id*. at 5.)

3  Plaintiff does not contend that if Defendant had requested the medical exam earlier, it would
4  have been improper or not supported by good cause. Rather, his opposition focuses entirely on the
5  alleged untimeliness of the examination after the expert disclosure deadline and lack of diligence
6  by Defendant, citing *Wormuth v. Lammersville Union Sch. Dist.*, No. 2:15-cv-1572-KJM-EFB 2017
7  WL 3537257 (E.D. Cal. 2017).

8  Based on the all the facts and arguments presented, the Court finds good cause to order the
9  independent mental examination of Plaintiff to be conducted by Dr. Edmonds. Review of the
10 complaint and Plaintiff's discovery responses shows that Plaintiff alleges a traumatic brain injury
11 and related symptoms. (*See* Doc. 1-2; Doc. 51-2, Cholakian Decl. ¶ 2, Ex. A, Interrogatory No. 4).
12 He has therefore placed that injury in controversy and provided Defendant with good cause for an
13 examination to determine the existence and extent of the alleged injury.

14 *Wormuth*, which required an expert's Rule 35 mental examination report to be produced at
15 time of expert's designation, is not controlling. As more recently observed, "courts within the
16 Eastern District of California have previously held that a Rule 35 examination is properly part of
17 expert discovery." *See Dionicio Martinez v. Cty. of Fresno*, No. 1:18cv00793LJOBAM, 2019 WL
18 6117739, at *3 (E.D. Cal. Nov. 18, 2019) (citing *Narayan v. Compass Grp. USA, Inc*., No. 2:17-cv-
19 00999-MCE-CKD, 2019 WL 265109, at *3 (E.D. Cal. Jan. 18, 2019) (determining that a Rule 35
20 medical examination may occur as part of expert discovery and noting that courts in this district
21 have held that such an examination is properly part of expert discovery)). As both the motion and
22 the examination occur prior to the current close of expert discovery, they are not untimely. Nor
23 does the Court find an "unacceptable lack of diligence" by Defendant. *See Wormuth,* 2017 WL
24 3537257, at *4. Plaintiff's recent treatment records from June 2021 show that his condition is
25 developing, thereby justifying waiting to seek an examination. (*See* Doc. 51-2, Cholakian Decl. ¶
26 3, Ex. B.)

27 The Court shall therefore order Plaintiff to appear for a medical examination by Harvey
28 Lawrence Edmonds, M.D., on September 1, 2021, at 11:00 a.m., at 728 East Bullard Avenue, Suite

104, Fresno, California, 93710. The examination shall encompass only those aspects considered necessary and customary by Dr. Edmonds for evaluating the physical and mental condition of Plaintiff as it pertains to his traumatic brain injury and related complaints and symptoms, as they relate to his negligence claim. *See* Fed. R. Civ. P. 35(a)(2)(B) (an order requiring an exam "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.")[1]

### B.   Request to Modify Scheduling Order

Defendant seeks, once again, to modify the case schedule to extend the current rebuttal expert witness disclosure deadline and expert discovery deadlines. (Doc. 51-1 at 6–7.) Defendant asserts that an enlargement of the rebuttal expert disclosure deadline from August 23 to September 28, 2021 is needed to allow Dr. Edmonds to review Plaintiff's medical data and to examine Plaintiff. (*Id*. at 6.) Defendant does not explain why the expert discovery deadline should be enlarged from September 7 to October 15, 2021, but presumably it is to allow Plaintiff time to conduct discovery related to Dr. Edmonds. Plaintiff's position is that there is no good cause to allow Defendant to designate a rebuttal expert.

Given defense counsel's representation that September 1, 2021, is the earliest the independent medical examination can be performed, the Court agrees that an enlargement of time is warranted—but not to the extend requested by the Defendant. Presumably Dr. Edmonds has or is in the process of reviewing Plaintiff's medical data and the discovery in the case, as he has already been retained as a rebuttal expert and counsel has already been coordinating the transmission of that information in advance of the current deadline of August 23, 2021. (*See* Doc. 51-2, Cholakian Decl. ¶ 5, Ex. C; Doc. 57 at 5.) Moreover, adopting Defendant's proposed deadlines creates an unworkable schedule, whereby the dispositive motion deadline predates expert disclosures and discovery. Plaintiff's objection to Defendant's designation of a rebuttal expert is also moot, as the Court has already permitted both sides to do so by previously continuing the deadline. (*See* Doc. 47.)

---

[1] If Plaintiff is unavailable on this date, the parties are encouraged to agree to a similar workable date through meet and confer.

Considering each party's position, the Court finds that extending the rebuttal witness disclosure deadline by two weeks to **September 7, 2021**, and extending the expert discovery deadline by one week to **September 13, 2021**, will give Dr. Edmonds time to incorporate the findings of his September 1, 2021 examination of Plaintiff into his report and to conduct any discovery concerning it.  More importantly, these modifications will maintain the integrity of the remainder of the schedule, which was recently extended over Plaintiff's objection.

### III.   CONCLUSION AND ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. Defendant's motion for an order permitting the examination of Plaintiff Jose Haddock (Doc. 51) is GRANTED;

2. Plaintiff Jose Haddock shall be required to appear for an independent medical examination before Harvey Lawrence Edmonds, M.D., to perform an examination as necessary to evaluate the condition of Plaintiff as it pertains to his traumatic brain injury and related complaints and symptoms, as they relate to his negligence claim, on September 1, 2021, at 11:00 a.m., at 728 East Bullard Avenue, Suite 104, Fresno, California, 93710, or on a similar date and time agreed to through meet and confer of counsel; and

3. Defendant's request to modify the case schedule (Doc. 51) is GRANTED IN PART. The case schedule (Doc. 47) is MODIFIED as follows:

| Matter | Current Date | Continued Date |
|---|---|---|
| Non-Expert Discovery | July 22, 2021 | No change |
| Rebuttal Expert Witnesses Disclosure | August 23, 2021 | September 7, 2021 |
| Expert Witness Discovery | September 7, 2021 | September 13, 2021 |
| Non-Dispositive Motion Filing Deadline | September 13, 2021 | No change |
| Hearing for Non-Dispositive Motions | October 20, 2021 | No change |
| Dispositive Motion Filing Deadline | September 13, 2021 | No change |
| Hearing for Dispositive Motions | November 3, 2021 | No change |

6

| | | |
|---|---|---|
| Pretrial Conference | January 19, 2022 at 2:30 p.m. | No change |
| Trial | March 22, 2022 at 8:30 a.m. | No change |

IT IS SO ORDERED.

Dated:   **August 17, 2021**                                  /s/ *Sheila K. Oberto*                     
                                                                                UNITED STATES MAGISTRATE JUDGE