1

2

3

4

5   ``

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HADDOCK, | Case No. 1:19-cv-01390-SKO |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| WESTROCK CP, LLC, | ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS |
| Defendant. | (Docs. 45, 64) |

## I.    INTRODUCTION

In this action, Plaintiff Jose Haddock ("Plaintiff") raises a single claim of negligence against Defendant Westrock CP, LLC ("Defendant").  (Doc. 1-2 at 4–7.)  On July 30, 2021, Defendant filed a motion for summary judgment against Plaintiff.  (Doc. 45.)  On August 31, 2021, Plaintiff filed an opposition to the motion for summary judgment.  (Doc. 62.)  On that same date, Plaintiff also filed a motion to withdraw admissions previously made.[1]  (Doc. 64.)  On September 8, 2021, Defendant filed an opposition to the motion withdraw admissions.  (Doc. 66.)  On October 27, 2021, Defendant filed a reply in support of the motion for summary judgment.[2]  (Doc. 70.)  The Court

---

[1] The Court granted Plaintiff's ex parte application for an order shortening time to hear his motion to withdraw admissions, advancing the hearing on the motion to September 15, 2021.  (Doc. 65.)  The briefing schedule set by the Court required Defendant to file its opposition by no later than September 8, 2021, and no reply was to be filed by Plaintiff.  (*Id.*)

[2] In view of Defendant's confusion regarding the deadline to file a reply in support of the motion for summary judgment, the Court, in its discretion, continued the deadline from September 8, 2021, nunc pro tunc, to October 27, 2021.  (Doc. 69.)

reviewed both of the motions and related papers and found the matters suitable for decision without oral argument.[3]  The hearing set for September 25, 2021, was therefore vacated.  (Doc. 67.)

For the reasons set forth below, the Court will DENY Defendant's motion for summary judgment and GRANT Plaintiff's motion to withdraw admissions.

## II.   BACKGROUND

On May 1, 2019, Paul Rocha, an employee of KLX, LLC ("KLX"), and a co-worker of Plaintiff, drove a trailer to Defendant's facility to be loaded.  (Doc. 45-2, Statement of Undisputed Material Facts ("SUMF"); Doc. 45-4, Deposition of Paul Rocha ("Rocha Dep.") 11:12–19, 14:14–24, 27:4–7.)  After the trailer was loaded with pallets and sealed, Mr. Rocha drove the trailer to the KLX yard.  (SUMF at 2; Rocha Dep. 31:21–32:7.)  The next day, on May 2, 2019, Plaintiff picked up the trailer and drove it to its destination location.  (Doc. 62-3, Plaintiff's Additional Material Facts ("PAMF"); Doc. 62-1, Deposition of Jose Haddock ("Haddock Dep.") at 36:18–22.)  When Plaintiff attempted to open the doors of the trailer, the load fell onto Plaintiff's body and head.  (PAMF at 3; Haddock Dep. 24:23–25:2; Doc. 70-3 at 2.)

## III.   MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standard

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that may affect the outcome of the case under the applicable law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party."  *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  The exact nature of this

---

[3] The parties consented to the jurisdiction of U.S. Magistrate Judge Sheila K. Oberto.  (Docs. 4, 5.)

responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Id.* By contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this respect. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

### B.    Analysis

"To establish a cause of action for negligence, the plaintiff must show that the defendant had a duty to use due care, that [it] breached that duty, and that the breach was the proximate or legal cause of the resulting injury. Recovery for negligence depends as a threshold matter on the existence

1  of a legal duty of care." *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021), *reh'g denied* (May

2  12, 2021) (citations and internal quotation marks omitted).  Whether a duty exists is a question of

3  law to be resolved by the court.  *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992).

4      Defendant contends that summary judgment should be granted in its favor on Plaintiff's sole

5  claim for negligence because Defendant did not owe Plaintiff a duty of care.  (Doc. 45 at 2, 9.)

6  Specifically, Defendant claims that the Federal Motor Carrier Safety Regulations ("FMCSR") place

7  the obligation of ensuring that cargo is secured on motor carriers (i.e., Plaintiff's employer, KLX),

8  and not on shippers (i.e., Defendant); thus, in cases where a motor carrier has had an opportunity to

9  inspect the cargo, the shipper does not owe an employee of the motor carrier a legal duty to ensure

10  that the cargo is secured.  (*Id.* at 5–9.)

11      Plaintiff counters that California law, and not the FMSCR, applies because the instant case

12  involves intrastate commerce—not interstate commerce.[4]  (Doc. 62 at 4–5.)  Citing *Pedeferri v.*

13  *Seidner Enterprises*, 216 Cal. App. 4th 359 (2013), Plaintiff asserts that Defendant owed Plaintiff a

14  duty of care to properly load and secure the cargo in the vehicle.  (*Id.* at 5–7.)  In *Pedeferri*, the

15  California Court of Appeal held that a commercial vendor owed a duty of care to persons on or near

16  the roadway who are injured as a result of the vendor's negligence in loading and securing cargo in

17  a vehicle in a way that distracts the vehicle's driver.  *Pedeferri*, 216 Cal. App. 4th at 371.

18      The Court finds that neither party has articulated the applicable duty of care owed by a

19  shipper.[5]  Federal law and California law are in accord on this issue:

20  _____

[4] For the first time in its reply in support of its motion for summary judgment, Defendant explains the FMCSR are
21  applicable because the pallets delivered by Plaintiff were part of an interstate delivery that originated from Carrollton,
Texas.  (Doc. 70 at 1.)  In support of this assertion, Defendant submitted a declaration from Carol Drycz and
22  accompanying purchase orders and other documentation.  (Docs. 70-14–70-19.)  Plaintiff objects to the introduction of
the purchase orders and other documentation and asks the Court to exclude this evidence under Rule 37(c)(1) of the
23  Federal Rules of Civil Procedure.  (Doc. 71.)  Plaintiff contends that the documents were never disclosed, despite being
responsive to Plaintiff's request for production that asked for "all DOCUMENTS in YOUR possession, custody, or
control related to the load in the TRAILER at the time of the INCIDENT."  (*Id.*)

24      The documentation provided by Defendant is relevant only to the issue of whether federal or state law
establishes the applicable duty of care.  As federal law and California law are in accord with regard to the duty of care
25  owed by a shipper, the Court need not decide whether the delivery in this case was intrastate or interstate and finds that
the contested evidence is not material.  Accordingly, Plaintiff's request is **DENIED** as MOOT, without prejudice to the
26  filing of any future motion challenging the admissibility of such evidence.
[5] Defendant's reliance on 49 C.F.R. §§ 392.9 and 393.100 for the proposition that the duty of care rested on solely on
27  Plaintiff's employer, KLX, rather than on Defendant (*see* Doc. 45-1 at 5–6), is misplaced.  These regulations place
certain duties on the carrier to ensure a trailer is safely loaded and transported.  They do not, however, remove liability
28  for a shipper's negligence in loading cargo onto a carrier's trailer.  *Cf. Alaubali v. Rite Aid Corp.*, 320 F. App'x 765 (9th
Cir. 2009) ("[A]lthough the violation of a statute or regulation is relevant to the *standard* of care under California law,

1

2   In cases in which the shipper loads the conveyance furnished by the carrier, the following rule applies: "The primary duty as to the safe loading of property is therefore upon the carrier. When the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper."

3

4

5   *Albers v. Gehrke*, 4 Cal. App. 3d 463, 478 (1970) (quoting *United States v. Savage Truck Line, Inc.*,

6   209 F.2d 442, 445 (4th Cir. 1953) ("*Savage*")); *see also BBD Transportation Co. v. Buller*, 49 Cal.

7   App. 3d 124, 132 (1975) ("the prevailing rule, and the rule in California is that if the overloading is

8   apparent to the carrier, i.e., the driver, 'the carrier will be liable notwithstanding the negligence of

9   the shipper.'") (quoting *Albers*, 4 Cal. App. 3d at 478)); *Env't Transportation of Nevada, LLC v.*

10   *Mod. Mach. Co. Inc.*, No. C18-5445RBL, 2020 WL 1847747, at *3 (W.D. Wash. Apr. 13, 2020)

11   ("According to the *Savage* case, a shipper who assumes the duty of loading is liable for latent or

12   concealed defects created by that loading.").

13   Whether a defect is patent, rather than latent, and thus apparent by reasonable inspection is

14   generally a question of fact unless there is no dispute as to either the facts or the inferences to be

15   drawn therefrom—in which case the matter can be determined as a matter of law. *Romo v. S. Pac.*

16   *Transportation Co.*, 71 Cal. App. 3d 909, 915 (1977); *accord Smart v. Am. Welding & Tank Co.*,

17   149 N.H. 536, 826 A.2d 570, 575 (2003) ("[W]hether a defect in loading is obvious through ordinary

18   observation or concealed is a question of fact.").

19   Here, it appears to be undisputed that Defendant's employees loaded the trailer. (*See* Doc.

20   70-3 at 2.) Accordingly, Defendant owed Plaintiff a duty of care if the alleged defect in loading was

21   latent. *Albers*, 4 Cal. App. at 463; *Savage*, 209 F.2d at 445. Whether the alleged loading defect was

22   patent or latent is a factual issue for the jury to resolve, especially given the parties' dispute over the

23   extent of Mr. Rocha's involvement in inspecting the load and the manner in which he installed the

24   load locks. For example, Plaintiff cites to Mr. Rocha's deposition testimony that he did not really

25   observe what Defendant's employees were doing while they were loading the trailer because "[y]ou

26   couldn't really see from their warehouse in the trailer or nothing. You can't really see" (Rocha Dep.

27

28   such a violation cannot supply a *duty* of care.") (citing *Rosales v. City of Los Angeles*, 82 Cal.App.4th 419, 430 (2000)) (emphasis in original). Plaintiff's reliance on *Pedeferri* is also misplaced, as *Pedeferri* does not involve a shipper-carrier relationship and is thus factually distinguishable.

19:23–20:3), and Mr. Rocha's negative response to the question of whether "he ever [did] anything to inspect the load or see if it had been loaded safely" after Defendant had finished loading the trailer (Rocha Dep. 30:8–11).  (*See* Doc. 62-3 at 2.)  Defendant cites, in part, to the following exchange:

> Q.  So while you answered counsel's question about not inspecting the load before you place the load locks, you would look at it, right?
>
> A.  Yeah, of course, if it was tipping or something.  But [Defendant's employees] have their – they load it a certain way to make sure the weights are right.  I mean, obviously, if one of the pallets is way off center, I would say something.  But I have never seen anything like that.
>
> Q.  If a pallet is falling over, otherwise looks unstable, you're not going to drive away with it like that?
>
> A.  Yeah, yeah, yeah.
>
> Q.  In any of the occasions where you placed load locks on trailers that were loaded by WestRock employees, did you ever observe any pallets looking unstable.
>
> A.  No, never.  [¶]  I guess I should – if we can go back.  I glance at the – when you're in there, you're looking at the load, putting it up, and you see everything is stacked straight.

(Rocha Dep. 33:3–22; Doc. 45-2 at 2.)

The dispute over whether Mr. Rocha did, in fact, inspect the load prior to installing the load locks, and the broader question of whether any loading defect was patent, is an issue for the jury to decide.  Accordingly, because there exists a genuine dispute of material fact, summary judgment in favor of Defendant is inappropriate.  *See, e.g.*, *Env't Transportation of Nevada, LLC*, 2020 WL 1847747, at *3–*4 (denying motion for summary judgment where there was "serious issues of fact complicated by credibility issues" as to who bore responsibility for the loading); *Hensley v. National Freight Transp., Inc.*, 193 N.C. App. 561, 565 (2008) (shared responsibility for loading between driver and shipper precluded shipper's motion for summary judgment on improper loading claim).

## IV.   MOTION TO WITHDRAW ADMISSIONS

### A.   Procedural Background

On the same date that he filed his opposition to Defendant's motion for summary judgment, Plaintiff filed a motion to withdraw admissions previously made.  (Doc. 64.)  Plaintiff seeks to withdraw two admissions made in response to Defendant's Request for Admissions ("RFA"), Set One, served on October 22, 2020:

REQUEST FOR ADMISSION NO. 5:

Admit that on May 1, 2019, Paul Rocha had an opportunity to inspect the trailer's load prior to transporting it to KLX, LLC's facility.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Admit.

REQUEST FOR ADMISSION NO. 8:

Admit that on May 1, 2019, Paul Rocha failed to properly and adequately install and secure the load locks on the trailer before transporting it.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Admit.

(*See* Doc. 64 at 3.)  Defendant opposes the motion to withdraw admissions, asserting, among other things, that Plaintiff has not met his burden to justify the amendment under Fed. R. Civ. P. 36(b), and that granting the motion to withdraw admissions would prejudice Defendant at trial.  (Doc. 66.)

**B.      Legal Standard**

Once admitted, a matter is conclusively established, "unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Under Federal Rule of Civil Procedure 36(b), "the court may permit withdrawal or amendment [of an admission] [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*  Although Rule 36(b) is "permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis."  *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007).  In addition to Rule 36(b)'s two factors, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."  *Id*.

**C.      Analysis**

**1.   Presentation of the Merits**

The first prong of Rule 36(b) favors allowing Plaintiff to withdraw its admissions regarding Mr. Rocha's involvement in inspecting and securing the pallets loaded onto the trailer.  Plaintiff alleges that Defendant is liable for Plaintiff's injuries, and as the parties' submissions for this motion

and the motion for summary judgment make clear, the actions of Mr. Rocha, a KLX employee, are relevant to the issue of whether a duty is owed, as discussed above, and are in dispute.  Indeed, as Defendant acknowledges, RFA No. 8 is also directly relevant to the issue of causation as "it is possible that Mr. Rocha improperly installed the load locks."  (Doc. 66 at 12.)  The merits of Plaintiff's negligence claim—and Defendant's defense thereof—depend, at least in part, on how the parties' factual dispute regarding what Mr. Rocha did or did not see and/or do is resolved.  Putting this dispute before the factfinder would promote trying the case on its merits.  *See Netscape Commc'ns Corp. v. Fed. Ins. Co.*, No. C 06-0198 JW (PVT), 2007 WL 1288192, at *2 (N.D. Cal. Apr. 27, 2007) ("[A]llowing amendment will subserve presentation of the merits because there is a legitimate factual dispute" regarding the subject of the admission).

Defendant contends that Plaintiff has failed to show that upholding the admissions would obviate the need to present the case on its merits, because the admissions "concern facts, not legal issues" and "are supported by other evidence in the record."  (Doc. 66 at 14.)  Admissions, however, need not defeat essential elements of a claim for the first factor of Rule 36(b) to be satisfied.  *See Castro v. Terhune*, No. C 98-04877 WHA, 2010 WL 3063142, at *2 (N.D. Cal. Aug. 3, 2010) ("Although these admissions are not dispositive in the action at hand, they do pertain to what may become central issues of the trial.  It seems clear that allowing the withdrawal of the admissions will help aid in the resolution of the case."); *N. Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2012 WL 113788, at *4 (E.D. Cal. Jan. 13, 2012) (finding first prong of Rule 36(b) satisfied even where "some of plaintiff's claims could potentially survive the deemed admissions").

In sum, the Court finds the first half of the test under Rule 36(b) is satisfied: allowing Plaintiff to withdraw its admissions to RFA Nos. 5 and 8 would aid in the resolution of this case on the merits.  *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002).  *See also Conlon*, 474 F.3d at 622 (noting that one of the goals of Rule 36(b) is truth-seeking in litigation).

### 2. Prejudice to the Nonmoving Party

Defendant has not shown prejudice resulting from the withdrawal of RFA Nos. 5 and 8. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.  Rather, it relates to the difficulty a party may

face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  The party relying on the admissions has the burden of proving prejudice.  *Id*.  The focus is on the prejudice the nonmoving party would suffer at trial because most pretrial prejudice is curable.  *Id*. at 623.

Defendant asserts that it will be prejudiced by the withdrawal because Defendant relied on the admissions in conducting discovery, moving for summary judgment, and preparing for trial. (Doc. 66 at 14–16.)  The fact that Defendant relied on the admissions in forgoing discovery during the discovery period, which has now closed, does not suffice to demonstrate prejudice, as any claimed prejudice may be addressable through other means.  *See Conlon*, 474 F.3d at 624 ("Although the United States relied on the deemed admissions in choosing not to engage in any other discovery, we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice.  The district court could have reopened the discovery period, and prejudice must relate to the difficulty a party may face in proving its case at trial.") (internal citations omitted).  *See also* 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.) ("[C]ourts should explore the possibility that prejudice can be avoided by imposing other conditions rather than holding a party to an untrue or unintended admission on a vital issue in a case.").  Furthermore, the Court finds no prejudice in permitting withdrawal because, as Defendant expressly acknowledges, the admissions "are supported by other evidence in the record"—namely Mr. Rocha's and Plaintiff's own deposition testimonies.  (Doc. 66 at 6–8, 14.)  Thus, withdrawal of the admissions will not prevent Defendant from proving its case on motion for summary judgment or at trial.

Based on the foregoing, the Court finds that Defendant will not be unduly prejudiced by permitting Plaintiff to withdraw his admissions to RFA Nos. 5 and 8.  *See Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) ("Regarding prejudice, the district court found that because the motion was made pre-trial Sonoda would not be hindered in presenting his evidence to the factfinder.  We agree and therefore affirm the district court's decision to allow withdrawal of the admissions pursuant to Fed. R. Civ. P. 36(b)."); *see also Hadley*, 45 F.3d at 1349 ("We find, however, that the inconvenience the government may have suffered by the withdrawal of the

admissions did not rise to a level of prejudice that justified a denial of the withdrawal motion.  Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions."). *Cf. 999 v. C.I.T. Corp.*, 776 F.2d 866, 869–70 (9th Cir. 1985) (prejudice shown when Fed. R. Civ. P. 36(b) motion was made in the middle of trial when the opposing party had relied heavily on the admissions at trial).

Because both factors of the test under Rule 36(b) have been satisfied in Plaintiff's favor, the Court will grant Plaintiff's motion to withdraw its admissions to RFA Nos. 5 and 8.

## V.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.     Defendant's motion for summary judgement (Doc. 45) is DENIED; and

2.     Plaintiff's motion to withdraw admissions previously made (Doc. 64) is GRANTED. **By no later than seven (7) days from the date of this order**, Plaintiff shall serve amended responses to RFA Nos. 5 and 8 in accordance with Fed. R. Civ. P. 36(a)(4). Non-expert discovery in this matter closed on July 22, 2021.  If Defendant wishes to conduct additional discovery as a result of Plaintiff's withdrawal of his admissions to RFA Nos. 5 and 8, the parties shall meet and confer in an attempt to agree on and stipulate to a reopened discovery period.  In the event the parties are unable to agree, any dispute relating to the need for additional discovery shall be put before the Court, either formally under Local Rule 251 or informally pursuant to this Court's discovery dispute resolution process, **by no later than December 30, 2021**.

IT IS SO ORDERED.

Dated:   **December 16, 2021**                              */s/ Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE